UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

ANTHONY JAMES PALLITTO,

    Plaintiff,

v.

                                              Case No. 2:11-cv-15543
                                              Honorable Nancy G. Edmunds

RICHARD R. NELSON and
ISIDORE TORRES,

    Defendants.
_____/

**OPINION AND ORDER
SUMMARILY DISMISSING PLAINTIFF'S CIVIL RIGHTS COMPLAINT
AND CONCLUDING THAT AN APPEAL CANNOT BE TAKEN IN GOOD FAITH**

**I. INTRODUCTION**

This is a prisoner civil rights action filed under 42 U.S.C. § 1983, by Plaintiff Anthony James Pallitto, a state inmate currently incarcerated by the Michigan Department of Corrections at the Bellamy Creek Correctional Facility in Ionia, Michigan. In 1989, Plaintiff was convicted of two counts of first-degree murder by a Wayne County Circuit Court jury and sentenced to life in prison.

Plaintiff filed this Complaint naming Attorney Richard R. Nelson and The Former Honorable Judge Isidore Torres as Defendants. He alleges that his rights under the Sixth, Eighth, and Fourteenth Amendments were violated when Defendants failed to perform their duties under the boundaries of the United States Constitution during his first-degree murder trial. He seeks declaratory and injunctive relief as well as monetary damages for the alleged violations.

The Court has granted Plaintiff permission to proceed without prepayment of the fees and costs for this action. Under the Prison Litigation Reform Act, Pub.L. No. 104-134, 110 Stat. 1321 (1996), the Court is required to dismiss any prisoner action brought under federal law if the complaint is frivolous, malicious, fails to state a claim upon which relief can be granted, or seeks monetary relief from a defendant immune from such relief. 28 U.S.C. §§ 1915(e)(2), 1915A; 42 U.S.C. § 1997e(c). The Court must read Plaintiff's *pro se* Complaint indulgently, *see Haines v. Kerner*, 404 U.S. 519, 520 (1972), and accept his allegations as true, unless they are clearly irrational or wholly incredible. *Denton v. Hernandez*, 504 U.S. 25, 33 (1992).

Applying those standards, Plaintiff's action will be dismissed because he fails to state a claim for relief and Defendant, The Honorable Judge Torres, is immune from suit.

## II. DISCUSSION

### A. Facts

Plaintiff alleges that Attorney Nelson failed to perform his necessary duties as his court-appointed attorney during his criminal prosecution, by failing to, including but not limited to, keep him informed about the status of his criminal prosecution, represent him in a diligent manner, raise meritorious motions, and inform the court that he was on medications. Likewise, Plaintiff contends that The Former Honorable Judge Torres failed to abide by the Constitution in conducting his trial.

### B. Failure to State a Claim

A complaint may be dismissed for failure to state a claim if it fails "to 'give the defendant fair notice of what the . . . claim is and the grounds upon which it rests.'" *Bell Atl.*

*Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (quoting *Conley v. Gibson*, 355 U.S. 41, 45-46 (1957)). While a complaint need not contain detailed factual allegations, a plaintiff's allegations must include more than labels and conclusions. *Twombly*, 550 U.S. at 555; *Ashcroft v. Iqbal*, 556 U.S. 662, ---, 129 S.Ct. 1937, 1949 (2009) ("Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice.").

The Court must determine whether Plaintiff's Complaint contains "enough facts to state a claim to relief that is plausible on its face." *Twombly*, 550 U.S. at 570. "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft*, 556 U.S. at ---,129 S.Ct. at 1949. Although the plausibility standard is not equivalent to a "'probability requirement,' [] it asks for more than a sheer possibility that a defendant has acted unlawfully." *Id.* (quoting *Twombly*, 550 U.S. at 556). "[W]here the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged-but it has not 'show[n]'-that the pleader is entitled to relief." *Id.*, 556 U.S. at ---, 129 S.Ct. at 1950 (quoting Fed. R. Civ. P. 8(a) (2)); see also *Hill v. Lappin*, 630 F.3d 468, 471 (6th Cir. 2010) (holding that the *Twombly/Ashcroft* plausibility standard applies to dismissals of prisoner cases on initial review under 28 U.S.C. §§ 1915A(b)(1) and 1915(e)(2)(B)(i)).

To state a claim under 42 U.S.C. § 1983, a plaintiff must allege the violation of a right secured by the federal Constitution or laws and must show that the deprivation was committed by a person acting under color of state law. *West v. Atkins*, 487 U.S. 42, 48 (1988); *Street v. Corr. Corp. of Am.*, 102 F.3d 810, 814 (6th Cir. 1996). Because § 1983

is a method for vindicating federal rights, not a source of substantive rights itself, the first step in an action under § 1983 is to identify the specific constitutional right allegedly infringed. *Albright v. Oliver*, 510 U.S. 266, 271 (1994).

### C. Plaintiff's Claims

#### 1. Claims Barred by *Heck v. Humphrey*

Plaintiff's Complaint is subject to dismissal for several reasons. First, to the extent Plaintiff is challenging his state-court criminal proceedings, his Complaint must be dismissed. A claim may be brought under § 1983 by a state prisoner to challenge a condition of his imprisonment, *see Preiser v. Rodriguez*, 411 U.S. 475, 499 (1973), but not the validity of his confinement. *See Heck v. Humphrey*, 512 U.S. 477, 486-87 (1994). This holds true regardless of the relief sought by Plaintiff. *Id.* at 487-89.

> *Heck* and other Supreme Court cases, when taken together
>
> indicate that a state prisoner's § 1983 action is barred (absent prior invalidation)–no matter the relief sought (damages or equitable relief), no matter the target of the prisoner's suit (state conduct leading to conviction or internal prison proceedings)–if success in that action would necessarily demonstrate the invalidity of confinement or its duration.

*Wilkinson v. Dotson*, 544 U.S. 74, 81-82 (2005). If Plaintiff were to prevail on the claims contained in his Complaint, the validity of his continued confinement would be called into question. Such claims are barred by *Heck* and must be dismissed.

#### 2. Claims Against Attorney Nelson

Second, Plaintiff's suit against Attorney Nelson must be dismissed because it fails to state a claim upon which relief can be granted under 42 U.S.C. § 1983. Attorneys performing a lawyer's traditional functions as counsel to a criminal defendant do not "act

under color of state law" and are therefore not subject to suit under 42 U.S.C. § 1983. *Polk Cnty. v. Dodson*, 454 U.S. 312, 317-18 (1981). Even though the defective performance of a criminal defense attorney may cause the legal process to deprive an accused criminal defendant of his liberty in an unconstitutional manner, the lawyer who may be responsible for the unconstitutional action does not act under the color of state law within the meaning of § 1983. *See Briscoe v. Lahue*, 460 U.S. 325, 329 n. 6 (1983); *see also Dunning v. Yuetter*, 12 F. App'x 282, 284 (6th Cir. 2001) (finding that criminal defense attorneys did not act under color of state law for purpose of § 1983). The Court will therefore dismiss the claims against Attorney Nelson.

### 3. Claims Against The Honorable Judge Torres

Finally, the Court finds that Defendant, The Former Honorable Judge Torres, is entitled to absolute immunity in this case to the extent Plaintiff is requesting monetary damages. Judges and judicial employees are entitled to absolute judicial immunity on claims for damages. *See Mireles v. Waco*, 502 U.S. 9, 9-10 (1991) (finding that a judge performing judicial functions is absolutely immune from suit seeking monetary damages even if acting erroneously, corruptly or in excess of jurisdiction); *Collyer v. Darling*, 98 F.3d 211, 221 (6th Cir. 1996) (citing *Mireles*, 502 U.S. at 9); *see also Kircher v. City of Ypsilanti*, 458 F. Supp. 2d 439, 446-47 (E.D. Mich. 2006) (noting that judges are entitled to absolute judicial immunity).

The United States Court of Appeals for the Sixth Circuit has described the immunity from suit enjoyed by judges as follows:

> "[J]udges of courts of superior or general jurisdiction are not liable to civil actions for their judicial acts, even when such acts are in excess of their jurisdiction, and are alleged to have been done maliciously or corruptly." This

immunity applies to actions brought under 42 U.S.C. § 1983 to recover for alleged deprivation of civil rights. The Supreme Court explained: "If judges were personally liable for erroneous decisions, the resulting avalanche of suits, most of them frivolous but vexatious, would provide powerful incentives for judges to avoid rendering decisions likely to provoke such suits. The resulting timidity would be hard to detect or control, and it would manifestly detract from independent and impartial adjudication . . . . Most judicial mistakes or wrongs are open to correction through ordinary mechanisms of review, which are largely free of the harmful side-effects inevitably associated with exposing judges to personal liability."

*Stern v. Mascio*, 262 F.3d 600, 606 (6th Cir. 2001) (internal citations omitted).

Plaintiff's challenge to the proceedings involve the performance of judicial duties by The Former Honorable Judge Torres. Accordingly, he is absolutely immune from suit for such conduct and the claims against him must be dismissed.

### III. CONCLUSION

Having conducted the review now required by the Prison Litigation Reform Act, the Court determines that Plaintiff's action is **DISMISSED** pursuant to 28 U.S.C. §§ 1915(e)(2) and 1915A(b), and 42 U.S.C. § 1997e(c), because Plaintiff has failed to state a claim for relief against Defendant Attorney Nelson, and Defendant, The Former Honorable Judge Torres, is immune from suit.

To the extent that Plaintiff's claims fall under the rubric of *Heck*, those claims are **DISMISSED WITHOUT PREJUDICE** until Plaintiff's criminal convictions have been invalidated. When a prisoner's civil-rights claims are barred by the *Heck v. Humphrey* doctrine, the appropriate course for a federal district court is to dismiss the claims for lack of subject-matter jurisdiction pursuant to Federal Rule of Civil Procedure 12(h)(3), rather than to dismiss the complaint with prejudice as being frivolous, because the former course of action is not an adjudication on the merits and would allow the prisoner to reassert his

claims if his convictions or sentences are later invalidated. *See Murphy v. Martin*, 343 F.Supp.2d 603, 609 (E.D. Mich. 2004).

The Court must next decide whether an appeal of this action would be in good faith within the meaning of 28 U.S.C. § 1915(a)(3). Because an appeal from this decision would be frivolous and could not be taken in good faith, Plaintiff may not proceed *in forma pauperis* on appeal if he appeals this decision. 28 U.S.C. § 1915(a)(3); *Coppedge v. United States*, 369 U.S. 438, 445 (1962); *McGore v. Wrigglesworth*, 114 F.3d 601, 610-11 (6th Cir. 1997).

s/Nancy G. Edmunds
Nancy G. Edmunds
United States District Judge

Dated: February 13, 2012

I hereby certify that a copy of the foregoing document was served upon counsel of record on February 13, 2012, by electronic and/or ordinary mail.

s/Carol A. Hemeyer
Case Manager